UNITED STATES DISTRICT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohamed Abdelkarim<br>4909 Elsa Court<br>Fairfax, Virginia 22030<br><br>Zeinab Abdelrahman<br>901 N. Monroe Street<br>Apartment 616<br>Arlington, Virginia 22201<br><br>Hayat Alkhateeb<br>PO Box 415<br>McLean, VA 22101<br><br>Amina El-Bishlawy<br>10314 Annaberg Court<br>Burke, VA 22015<br><br>Faiza Elmasry<br>4909 Elsa Court<br>Fairfax, VA 22030<br><br>    Plaintiffs<br>     v.<br><br>Kenneth Y. Tomlinson, Chairman,<br>Broadcasting Board of Governors<br>Wilbur J. Cohen Building<br>330 Independence Avenue, S.W.<br>Washington, D.C. 20237,<br><br>    in his official capacity,<br><br>    Defendant | Case No.<br><br>**JURY DEMAND** |

**COMPLAINT FOR RELIEF FROM**
**EMPLOYMENT DISCRIMINATION**

### I. Nature of the Claim

This is an action by five individuals alleging discrimination in federal employment on

-1-

the basis of national origin (Egypt and Syria), religion (Muslim), and age (born between 1943 and 1956), and reprisal for filing previous complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a ("ADEA"), when they were denied International Radio Broadcaster and Supervisory International Radio Broadcaster positions with Radio SAWA in 2002 and when they were otherwise treated in a discriminatory manner by defendant.

2.   Plaintiffs seek make whole relief in the form of retroactive promotion, back pay, compensatory damages, and reasonable attorneys fees as part of their costs.

## II. Description of the Parties

3.   Plaintiff Mohamed Abdelkarim is a citizen of the United States and resident of the State of Virginia. Plaintiff Abdelkarim was born on November 7, 1953, in Shebin el-Kom, Egypt. He is a practicing Muslim. He received a bachelor's degree in languages in 1975. He had over 12 years of experience as a reporter, announcer, and chief announcer in radio broadcasting with Radio Cairo and main announcer and Arabic specialist with the Japanese Broadcasting Corporation prior to his hiring by defendant. From October 13, 1989 through December 28, 2002, Plaintiff Abdelkarim was employed by defendant as an International Radio Broadcaster. Since December 29, 2002 through the present, Plaintiff Abdelkarim has been employed by defendant as a Television Production Specialist. In or about April 1992, Plaintiff Abdelkarim received his first and only promotion to Grade GS-12. Plaintiff Abdelkarim timely filed a discrimination complaint with defendant based upon defendant's failure to select him in 2002 for a GS-12 position with Radio Sawa or to promote him in 2002 to a GS-13 position with Radio

Sawa, instead selecting and promoting to such positions younger non-Muslim men and women, not of Egyptian national origin, with far less experience and qualifications than his.

  4. Plaintiff Zeinab Abdelrahman is a citizen of the United States and resident of the State of Virginia. Plaintiff Abdelrahman was born on December 23, 1946, in Cairo, Egypt. She is a practicing Muslim. She received a Bachelor's degree in economics in 1970. She had over 17 years of experience as a reporter, newscaster, programmer, and announcer in radio broadcasting with Radio Cairo, Iranian radio and German radio (Deutsche Welle) prior to her hiring by defendant. From December 4, 1988, through December 28, 2002, plaintiff Abdelrahman was employed by defendant as an International Radio Broadcaster. From December 29, 2002 through the present, plaintiff Abdelrahman has been employed by defendant as a Technician at the Broadcasting Operations of the Voice of America. On October 31, 1993, plaintiff received her first and only promotion to GS-12. Plaintiff Abdelrahman timely filed a discrimination complaint with defendant based upon defendant's failure to select her in 2002 for a GS-12 position with Radio Sawa or to promote her in 2002 to a GS-13 position with Radio Sawa, instead selecting and promoting to such positions younger non-Muslim men and women, not of Egyptian national origin, with far less experience and qualifications than hers.

  5. Plaintiff Hayat Alkhateeb is a citizen of the United States and resident of the State of Virginia. Plaintiff Alkhateeb was born on January 19, 1943, in Haifa, in historic Palestine. Plaintiff Alkhateeb moved to Syria in 1948 at the age of five years old. She became a citizen of Syria in 1969. She became a citizen of the United States of America in 1975. She earned a Bachelor's degree in philosophy and sociology in 1967. She is a practicing Muslim. Prior to

working for defendant, she worked as a broadcaster for Syrian radio. From November 19, 1981, through December 28, 2002, plaintiff Alkhateeb was employed by defendant as an International Radio Broadcaster. In 1986, plaintiff Alkhateeb received her first and only promotion to GS-12. On January 2, 2003, the job title of plaintiff Alkhateeb was changed to International Broadcaster. On March 31, 2004, plaintiff Alkhateeb retired from the employ of the United States Government. Plaintiff Alkhateeb timely filed a discrimination complaint with defendant based upon defendant's failure to select her for a GS-12 position with Radio Sawa or to promote her to a GS-13 position with Radio Sawa, instead selecting and promoting to such positions younger non-Muslim men and women, not of Syrian national origin, with far less experience and qualifications than hers.

6. Plaintiff Amina El-Bishlawy is a citizen of the United States and resident of the State of Virginia. Plaintiff El-Bishlawy was born on September 30, 1947, in Cairo, Egypt. Plaintiff El-Bishlawy became a citizen of the United States of America in 2001. She is a practicing Muslim. She earned a bachelor's degree in political science and economics from Cairo University in 1971. She earned a high diploma - the equivalent of a master's degree - in radio and television journalism from Cairo University in 1976. She worked as a broadcaster for Radio Cairo from 1971 until 1986. From August 15, 1986, through December 28, 2002, plaintiff El-Bishlawy was employed by defendant as an International Radio Broadcaster. From December 29, 2002 until the beginning of November 2003, plaintiff El-Bishlawy was employed by defendant as an International Broadcaster. In November 1991, plaintiff received a promotion to GS-12 from defendant. On November 3, 2003, plaintiff El-Bishlawy received a promotion to a Grade

GS-13 position of Foreign Language Information Specialist at the International Information Programs Office with the U.S. Department of State. Plaintiff El-Bishlawy timely filed a discrimination complaints with defendant based upon defendant's failure to select her in 2002 for a GS-12 position with Radio Sawa or to promote her in 2002 to a GS-13 position with Radio Sawa, instead selecting and promoting to such positions younger non-Muslim men and women, not of Egyptian national origin, with far less experience and qualifications than hers.

      7.  Plaintiff Faiza Elmasry is a citizen of the United States and resident of the State of Virginia.  Plaintiff was born on April 16, 1956, in Fayoum, Egypt. She is a practicing Muslim. She earned a Bachelor's degree in economics and politics in 1977. She worked as a broadcaster, announcer and programmer for Radio Cairo from 1977 until 1989. At all times relevant to this case, and since October 13, 1989, plaintiff has been employed by defendant as an International Radio Broadcaster. In or about April 1992, plaintiff Elmasry received her first and only promotion to GS-12.  Plaintiff Elmasry timely filed a discrimination complaint with defendant based upon defendant's failure to select her in 2002 for a GS-12 position with Radio Sawa, instead selecting  to such positions younger non-Muslim men and women, not of Egyptian national origin, with far less experience and qualifications than hers.

      8.  Defendant is the Chairman of the Broadcasting Board of Governors, which has authority, <u>inter alia</u>, over the hiring, promotion, assignment, and terms and conditions of employment of persons employed by the Board, including, but not limited to, persons working for the Voice of America and Radio SAWA.  Defendant is the named defendant, but is sued in his official capacity, as required by Title VII.  42 U.S.C. § 2000e-16(c).

### III. Jurisdiction and Venue

9. The Court has jurisdiction over this action pursuant to Title VII, 42 U.S.C. § 2000e-16(c), and the ADEA, 29 U.S.C. § 633a(d).

10. Venue lies in this Court because each of the plaintiffs are or were employed by defendant federal agency in the District of Columbia, the incidents constituting discrimination and harassment took place in the District of Columbia, the retaliatory employment decisions affecting Plaintiffs were made in the District of Columbia, and all of the records concerning Plaintiffs employment are maintained in the District of Columbia.

### IV. Statement of the Facts

11. Each of the plaintiffs is an international radio broadcaster with many years of experience working with the Arabic Service of the Voice of America, as well as extensive previous radio broadcasting experience.

12. In 2002, the Arabic Service of the Voice of America was abolished and a new Arabic language radio network was established by defendant as part of the Voice of America. This new radio network was named Middle East Radio Network, which became known as Radio Sawa.

13. In 2002, plaintiffs and others in the Arabic Service of the Voice of America were assigned to work at Radio Sawa without permanent positions with Radio Sawa.

14. Each of the plaintiffs applied for positions as GS-12 International Radio Broadcasters with Radio SAWA in 2002. Each was well-qualified for such a position. Indeed, each had served in such a position at the GS-12 grade level for several years. Yet, each was

rejected for such a position by defendant.

    15.    Most of the non-Egyptian and non-Syrian persons who were selected for GS-12 International Radio Broadcaster positions with Radio SAWA in 2002 and 2003 had far less experience in radio broadcasting and journalism than did each of the plaintiffs.

    16.    Some of the persons who were selected for GS-12 International Radio Broadcaster positions with Radio SAWA in 2002 and 2003 had not earned college degrees by the time of their selection.

    17.    Plaintiffs possessed far better skills in writing, broadcasting, and in the use of the Arabic and English languages than did many of the persons who were selected for GS-12 International Radio Broadcaster positions with Radio SAWA in 2002 and 2003.

    18.    Each of the plaintiffs applied for positions as GS-13 Supervisory International Radio Broadcasters with Radio SAWA in 2002. Plaintiffs Abdelkarim, Abdelrahman, Alkhateeb and El-Bishlawy were each rejected for such positions by defendant. Plaintiff Elmasry withdrew her application for such positions after it had been pending for a considerable period of time, but before formally she had been rejected for such positions.

    19.    Many of the persons who were selected for GS-13 Supervisory International Radio Broadcasters with Radio SAWA in 2002 and 2003 who are not of Egyptian or Syrian national origin had less experience in broadcasting than did each of the plaintiffs.

    20.    Only two of the persons who were selected for GS-13 Supervisory International Radio Broadcasters with Radio SAWA in 2002 were of Egyptian national origin. None were of Syrian national origin.

21. Only three of the persons who were selected for GS-12 International Radio Broadcasters with Radio SAWA in 2002 were of Egyptian national origin. None were of Syrian national origin.

22. Defendant gave preference to persons of Lebanese national origin for selection to GS-12 International Radio Broadcaster positions with Radio Sawa.

23. Many of the persons of Lebanese national origin who were selected for GS-12 International Radio Broadcaster positions with Radio Sawa were not citizens of the United States at the time of their selection.

24. Many of the persons selected for GS-13 Supervisory International Radio Broadcaster and GS-12 International Radio Broadcaster positions with Radio Sawa are non-Muslims.

25. Most of the persons selected for GS-12 International Radio Broadcaster positions with Radio Sawa are younger than each of the plaintiffs.

26. Some of the persons selected for GS-13 Supervisory International Radio Broadcaster positions with Radio Sawa are younger than each of the plaintiffs.

27. The job performance of each of the plaintiffs was rated consistently by their supervisors as "Outstanding" prior to not being selected for promotion to Grade GS-13 and prior to being denied selection for a Grade GS-12 position with Radio SAWA.

28. The job performance of several of the persons selected by defendant instead of plaintiffs for GS-12 and GS-13 positions with Radio SAWA was rated as less than outstanding by their supervisors.

29. Defendant treated persons of Lebanese national origin differently and better than plaintiffs and other persons not of Lebanese national origin working at Radio Sawa in the terms and conditions of employment, including, but not limited to, pay, overtime, assignments, scheduling, and other treatment.

30. Because of their age, religion, and national origin, plaintiffs were shunned and harassed while working at Radio Sawa by management agents of defendant and were removed and excluded from permanent positions with defendant as International Radio Broadcasters.

### V.  Exhaustion of Remedies

31. Plaintiffs each contacted an EEO counselor within 45 days of the complained of events and filed timely complaints of discrimination with the defendant pursuant to the regulations of the Equal Employment Opportunity Commission.  More than 180 days have passed since plaintiffs filed the administrative complaints at issue herein.  Between June 10, 2005, and June 18, 2005, plaintiffs received Final Agency Decisions dated June 7, 2005, from defendant.  Plaintiffs have exhausted their administrative remedies. 42 U.S.C. § 2000e-16(c).

### VI.  Statement of the Claims

32. Based upon the facts set forth in paragraphs 3-30, supra, plaintiffs were denied selection to GS-12 International Radio Broadcaster positions with Radio Sawa because of their age, religion, national origin, and/or reprisal in violation of Title VII and/or the ADEA, causing plaintiffs financial and other injury.

33. Based upon the facts set forth in paragraphs 3-30, supra, plaintiffs were denied promotion to GS-13 Supervisory International Radio Broadcaster positions with Radio Sawa

because of their age, religion, national origin, and/or reprisal in violation of Title VII and/or the ADEA, causing plaintiffs financial and other injury.

34. Based upon the facts set forth in paragraphs 3-30, <u>supra</u>, defendant discriminated against plaintiffs in their terms and conditions of employment because of their age, religion, national origin, and/or reprisal in violation of Title VII and/or the ADEA, causing plaintiffs financial and other injury.

### **PRAYER FOR RELIEF**

Wherefore, plaintiffs requests that the Court:

a. Declare that defendant has violated Title VII and the ADEA with respect to plaintiffs;

b. Enjoin defendant from further discrimination against plaintiffs;

c. Award each plaintiff a promotion to the GS-13 he or she would have held but for discrimination, or its equivalent, retroactive to the date the first GS-13 Supervisory International Radio Broadcaster position was filled in 2002, plus appropriate back pay and interest;

d. Reinstate each plaintiff to the position and duties of an active International Radio Broadcaster in Arabic, retroactive to the date each plaintiff was removed from such position.

e. Award each plaintiff monetary damages to the maximum extent allowed by law;

f. Award plaintiffs attorney fees as part of their costs; and

g. Award plaintiffs any other legal and equitable relief to which they are entitled by the evidence.

**Jury Demand**

Plaintiffs request a trial before a jury of all Title VII claims triable to a jury.

                Respectfully submitted,

                _____

                Stephen L. Spitz

                Bar No. 180778

                KALIJARVI, CHUZI & NEWMAN, P.C.

                1901 L Street N.W. Suite 610

                Washington, D.C.  20006

                Telephone: (202) 331-9260

                Attorney for Plaintiffs