IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOHAMED ABDELKARIM, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 05-01783 (EGS) |
| KENNETH Y. TOMLINSON, Chairman, Broadcasting Board Of Governors, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**ANSWER TO COMPLAINT**

Defendant Kenneth Y. Tomlinson, Chairman, Broadcasting Board of Governors, by his undersigned counsel, hereby answers the complaint in this matter as follows:

**First Defense**

Plaintiffs failed to exhaust their administrative remedies.

**Second Defense**

In response to the numbered and unnumbered paragraphs of the Complaint, defendant admits, denies, or otherwise answers as follows:

I. <u>Nature of the Claim</u>

1. This paragraph is a characterization of plaintiffs' claims, to which no response is required; to the extent that a response is required, deny that defendant violated the statutes set forth in this paragraph.

2. This paragraph is a demand for relief. Defendant denies that plaintiffs are entitled to the relief requested, and denies that plaintiffs are entitled to any relief whatsoever. Furthermore,

any compensatory damages awarded would be subject to and limited by 42 U.S.C. § 1981a.

II. Description of the Parties

3. The first sentence of this paragraph is admitted. The second sentence is admitted as to plaintiff Abdelkarim's date of birth and that he was born in Egypt. Defendant has insufficient information to admit or deny his city of birth. The third sentence is admitted to the extent that plaintiff belongs to the Islamic faith. Defendant has insufficient information to admit or deny that plaintiff is a "practicing" Muslim. The fourth sentence is admitted. The fifth sentence is admitted to the extent that plaintiff's primary duties for these employers, based on his resume, was translating and announcing with some original writing. The sixth and seventh sentences are admitted. The eighth sentence is admitted to the extent that plaintiff's promotion to the GS-12 occurred in May 1992. The ninth sentence is denied.

4. The first sentence of this paragraph is admitted. The second sentence is admitted as to plaintiff Abdelrahman's date of birth and that she was born in Egypt. Defendant has insufficient information to admit or deny her city of birth. The third sentence is admitted to the extent that plaintiff is a member of the Islamic faith. Defendant has insufficient information to admit or deny that she is a "practicing" Muslim." The fourth sentence is admitted, based on information in her OF-612, application for the GS-13 position at issue. The fifth sentence is admitted to the extent her application for the GS-13 position reflects that she prepared and emceed programs, conducted interviews and covered various political, economic, cultural and social activities while employed by Radio Cairo, with a brief period at Iranian Radio and Deutsche Welle. The sixth, seventh and eighth sentences are admitted. The ninth sentence is denied.

5. The first sentence of this paragraph is admitted. The second sentence is admitted.

Defendant has insufficient information to admit or deny the third sentence.  The fourth sentence is admitted to the extent that plaintiff Alkhateeb's national origin is Syrian.  Defendant has insufficient information to admit or deny the date she obtained Syrian citizenship.  The fifth sentence is admitted to the extent plaintiff Alkhateeb is a United States citizen.  Defendant has insufficient information as to the date she became a United States citizen.  The sixth sentence is admitted to the extent this information is contained in her resume.  Defendant has insufficient information regarding the date she obtained her degree.  The seventh sentence is admitted to the extent plaintiff Alkhateeb is a member of the Islamic faith.  Defendant has insufficient information to admit or deny that she is a "practicing" Muslim."  The eighth sentence is admitted.  The ninth sentence is admitted to the extent plaintiff Alkhateeb's position title was International Radio Broadcaster (Arabic).  The tenth sentence is admitted to the extent plaintiff was promoted to the GS-12 level on June 23, 1986.  The eleventh sentence is admitted to the extent plaintiff was reassigned effective March 3, 2002 to an International Broadcaster position on the Arabic Internet team.  The thirteenth sentence is denied.

    6.  The first sentence of this paragraph is admitted.  The second sentence is admitted regarding plaintiff El-Bishlawy's date and country of birth.  Defendant has insufficient information to admit or deny her city of birth.  The third sentence is admitted to the extent plaintiff is now a United States citizen.  Defendant has insufficient information to admit or deny the date she obtained her citizenship.  The fourth sentence is admitted to the extent plaintiff El-Bishlawy is a member of the Islamic faith.  Defendant has insufficient information to admit or deny that she is a "practicing" Muslim."  The fifth sentence is admitted to the extent this is the information contained on the application for the GS-12 position at issue submitted by plaintiff

El-Bishlawy. The sixth and seventh sentence are admitted to the extent this information is contained in her resume. The eighth sentence is admitted to the extent plaintiff's title during this period was International Radio Broadcaster (Arabic). Defendant has insufficient information to admit or deny the ninth sentence regarding the date plaintiff left her position with defendant or the title of her position from December 2002 to November 2003. The tenth sentence is admitted. Defendant has insufficient information to admit or deny the eleventh sentence. The twelfth sentence is denied.

  7. The first sentence of this paragraph is admitted. The second sentence is admitted regarding plaintiff Elmasry's date and country of birth. Defendant has insufficient information to admit or deny her city of birth. The third sentence is admitted to the extent plaintiff Elmasry is a member of the Islamic faith. Defendant has insufficient information to admit or deny that she is a "practicing" Muslim." The fourth sentence is admitted to the extent this information is contained on her resume. The fifth and sixth sentences are admitted. The seventh sentence is admitted to the extent plaintiff Elmasry's promotion to the GS-12 level was effective on May 3, 1992. The eighth sentence is denied.

  8. The first sentence of this paragraph is denied to the extent that the authority to provide personnel services to employees of the Broadcasting Board of Governors, including the Voice of America and, at the time period at issue, Radio Sawa, is vested in the entire Board. The second sentence is admitted to the extent that the Chairman is the properly named defendant for the purposes of Title VII.

III. <u>Jurisdiction and Venue</u>

  9. The first sentence of this paragraph is a statement of jurisdiction to which no response

is necessary; to the extent a response is necessary, admit that the Court has subject matter jurisdiction over claims brought under the cited statutes.

10. This paragraph is a statement of venue to which no response is necessary; to the extent a response is necessary, admit that venue lies in this judicial district.

IV. <u>Statement of Facts</u>

11. The first clause of this paragraph is admitted to the extent the plaintiffs were employed as International Radio Broadcasters (Arabic) with the Arabic Service of the Voice of America. The second clause is denied to the extent it characterizes the plaintiffs' previous experience as "extensive," since that word is subject to multiple interpretations.

12. The first sentence is admitted to the extent that the Arabic Service within the Voice of America was abolished in 2002 and a new Arabic language radio network was established within the International Broadcasting Bureau, of which the Voice of America was also a part. The second sentence is admitted.

13. This paragraph is admitted to the extent members of the former Arabic Service were assigned to Radio Sawa during its initial start up period.

14. The first sentence of this paragraph is admitted. The second sentence is denied, insofar as the term "well-qualified" is subject to multiple interpretations. The third sentence is denied. The fourth sentence is admitted.

15. As this averment refers to "most" of the persons selected for GS-12 positions, but does not specify the specific individuals, defendant has insufficient information to admit or deny this paragraph, and therefore denies. This sentence also refers to claims for which plaintiffs have not exhausted administrative remedies.

16. As this averment refers to "some" of the persons selected for GS-12 positions, but does not specify the specific individuals, defendant has insufficient information to admit or deny this paragraph, and therefore denies. This sentence also refers to claims for which plaintiffs have not exhausted administrative remedies.

17. Denied.

18. Admitted.

19. Defendant does not have sufficient information to admit or deny this paragraph, and therefore denies. This sentence also refers to claims for which plaintiffs have not exhausted administrative remedies.

20. The first sentence of this paragraph is denied. The second sentence is admitted.

21. The first sentence of this paragraph is denied. The second sentence is admitted.

22. Denied.

23. Denied.

24. Denied.

25. As the term "most" is subject to multiple interpretations, defendant has insufficient information to admit or deny this paragraph.

26. As the term "some" is subject to multiple interpretations, defendant has insufficient information to admit or deny this paragraph.

27. Defendant has insufficient information to admit or deny this paragraph.

28. Defendant has insufficient information to admit or deny this paragraph.

29. Denied.

30. Denied.

V. <u>Exhaustion of Remedies</u>

    31. Denied. Plaintiffs did not contact an EEO counselor within 45 days of each of the complained of events. In addition, plaintiffs withdrew from the EEOC hearing, thus eliminating the possibility of an administrative resolution of this matter.

VI. <u>Statement of the Claims</u>

    32. Denied.

    33. Denied.

    34. Denied.

    The last paragraph is a demand for judgment and relief. Defendant denies that plaintiffs are entitled to judgment, denies plaintiffs are entitled to the relief requested, and denies that plaintiffs are entitled to any relief whatsoever. Furthermore, any compensatory damages awarded would be subject to and limited by 42 U.S.C. § 1981a.

    Defendant denies each and every allegation of the Complaint not expressly admitted in this Answer. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in this answer as the facts and circumstances giving rise to the complaint become known to it through the course of the litigation.

    Defendant, having fully answered, respectfully requests that this action be dismissed with prejudice and that the Court grant such other and further relief as may be deemed appropriate, including payment of defendant's attorney fees and costs.

                                Respectfully submitted,

                                                                          _____/s/_____
                                                                          KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                                                          United States Attorney

                                                                          _____/s/_____
                                                                          R. CRAIG LAWRENCE, D.C. Bar # 171538
                                                                          Assistant United States Attorney

                                                                          _____/s/_____
                                                                          PETER D. BLUMBERG D.C. Bar # 463247
                                                                          Assistant United States Attorney
                                                                          555 4th Street, NW
                                                                          Washington, DC 20530
                                                                          (202) 514-7157


<u>Of Counsel:</u>

Elizabeth A. Parish
Assistant General Counsel
Broadcasting Board of Governors
330 Independence Avenue, S.W., Room 3349
Washington, D.C.  20237