UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMED ABDELKARIM, <u>et al.</u>,** )<br>)<br>    **Plaintiffs,** )<br>)<br>    v. )<br>)<br>**KENNETH Y. TOMLINSON,** )<br>**Chairman,** )<br>**Broadcasting Board of Governors** )<br>)<br>    **Defendant.** ) | **Civil Action No. 05-1783 (EGS)** |

## CIVIL LOCAL RULE 16.3 REPORT

Pursuant to the United States District Court for the District of Columbia Local Rule 16.3, and this Court's order of November 27, 2005, the parties, through counsel, hereby file this report in anticipation of the initial scheduling conference set for January 18, 2006 at 10:00 a.m.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether the parties should recommend to the Court that discovery or other matters should await a decision on any such motion.**

The parties agree that this case will not be resolved by a dispositive motion filed before the completion of discovery. Defendant expects to file a dispositive motion at the close of discovery.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the parties do not anticipate amendment of the pleadings or the joinder of additional parties.

**3. Whether the case should be assigned to a magistrate judge.**

The parties do not consent to referral of this case to a magistrate judge for trial; the parties

would agree to referral of discovery disputes to a magistrate.

**4.    Whether there is a realistic possibility of settling the case.**

The parties have discussed the prospects for pre-discovery settlement in advance of filing this 16.3 Report. Plaintiff would like to have mediation conducted in advance of the commencement of the discovery period. Given the number of plaintiffs in the case, defendants believe that it will be very difficult to reach a settlement at this time.

**5.    Whether the case could benefit from the Court's ADR procedures; what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

See Response to Item #4.

**6.    Whether the case can be resolved by summary judgment or a motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The plaintiff does not believe this case can be resolved by a dispositive motion; the defendant believes this case can be resolved on a dispositive motion at the end of discovery. The parties propose that defendant's dispositive motion be filed thirty (30) days after the close of discovery, that plaintiff's opposition thereto be filed thirty (30) days thereafter, and that the reply brief be filed twenty-one (21) days thereafter.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.**

The parties would request that the Court permit the parties to dispense with the initial disclosures required by Rule 26(a)(1)(C), because some discovery was conducted during the administrative phase of the case.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is necessary; and a date for completion of all discovery.**

The parties agree that each party should be limited to ten (10) depositions and twenty five (25) each of interrogatories, requests for production of documents and requests for admissions. The parties also state that a Privacy Act protective order may be necessary depending on the categories of documents sought in discovery. The parties request five months to complete factual discovery. The parties also request that a period of four months be allotted for damages discovery, pursuant to the request for bifurcation of discovery set forth in item 11, below.

**9.    Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties do not believe the requirements of Rule 26(a)(2), Fed. R. Civ. P., should be modified. However, the parties anticipates that the only expert witnesses in this case will address the issue of damages, and not liability. The parties would thus request that the exchange of expert reports and any expert depositions take place after the resolution of dispositive motions, thus avoiding the time and expense of expert discovery if the case is resolved on a motion. A scheduling order on damages discovery, including expert damages discovery, would be submitted after the resolution of dispositive motions, with all damages discovery to be completed in a four month period.

**10.    Procedures for class actions.**

This case is not a class action, so such procedures are inapplicable.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases.**

The parties do not believe that trial of this case is suited to bifurcation; however, defendant would note that the Complaint includes certain claims that are jury triable (national origin discrimination) and other claims that are not jury triable (age discrimination). Since the evidence supporting the national origin and age claims are largely the same, the parties agree that

the case can be heard in a single trial, with the jury rendering a verdict on the claims that are jury-triable, and the Court making a determination on the age claims.

The parties would request that discovery be bifurcated, with fact discovery being conducted before the filing of dispositive motions, and with damages discovery being conducted after the resolution of a dispositive motion, thus sparing the parties (and the Court) from having to expend time and resources on damages discovery if the case does not go to trial.

**12.   The date for the pretrial conference.**

The parties suggest that the Court set a scheduling conference at or near the end of discovery to set pre-trial and trial dates.

**13.   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a firm trial date be set at a scheduling conference at or near the end of discovery or at the pretrial conference.

Respectfully submitted,

_____/s/_____
STEPHEN L. SPITZ, [180778]
Kalajarvi, Chuzi & Newman, PC
1901 L Street, NW, Suite 610
Washington, DC 20036
(202) 331-9260
Counsel for Plaintiff


_____/s/_____
KENNETH L. WAINSTEIN [451058]
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE [171538]
Assistant United States Attorney

_____/s/_____
PETER D. BLUMBERG [463247]
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W,
Washington, D.C.  20530
(202) 514-7157

Counsel for Defendant